JOSEPH F. BIROWSKI, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 201, 2007.
Supreme Court of Delaware.
Submitted: May 3, 2007.
Decided: June 6, 2007.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 6th day of June 2007, it appears to the Court that:
(1) On April 23, 2007, the Court received appellant's notice of appeal from a Superior Court order, dated February 13, 2007, which denied his motion for modification of sentence. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 15, 2007.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on May 3, 2007. He asserts that he was not aware of the time limitation. He asks the Court to excuse his untimely filing and accept his appeal.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) Appellant's failure to file a timely notice of appeal in this case is not attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes, unfortunately, that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).