CARL J. HASKINS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 328, 2008.
Supreme Court of Delaware.
Submitted: July 21, 2008.
Decided: October 7, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 7th day of October 2008, it appears to the Court that:
(1) On June 30, 2008, the Court received Carl Haskins' notice of appeal from a Superior Court order dated February 28, 2008. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 31, 2008.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Haskins to show cause why the appeal should not be dismissed as untimely filed.[1] The Clerk also directed Haskins to show cause why the appeal should not be dismissed as violating the Court's prior orders prohibiting Haskins from filing any future appeals challenging the legality of the indictment leading to his 1987 rape conviction.
(3) Haskins filed a response to the notice to show cause on July 21, 2008. His response does not address his untimely filing, nor does it address why the appeal does violate this Court's prior order prohibiting Haskins from filing repetitive appeals. Instead, Haskins' response raises the same argument claiming the indictment against him was fraudulent. This argument has been rejected.
(4) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(5) There is nothing in the record to reflect that Haskins' failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Moreover, it is clear that Haskins' appeal is prohibited by the terms of this Court's prior orders. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829(1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).