DAVID THOMPSON,[1] Respondent Below-Appellant,
v.
DELORES HORNE, Petitioner Below-Appellee.
No. 285, 2008.
Supreme Court of Delaware.
Submitted: August 4, 2008.
Decided: October 8, 2008.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 8th day of October 2008, it appears to the Court that:
(1) On June 6, 2008, the Court received David Thompson's notice of appeal from a Family Court order, dated February 15, 2008. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 17.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Thompson to show cause why the appeal should not be dismissed as untimely filed.[2] Thompson filed a response to the notice to show cause on July 14, 2008. Thompson's response does not directly address why he failed to file his notice of appeal in this Court in a timely manner. Instead, his response offers reasons why he was unable to attend the Family Court hearing in February, which led to the Family Court altering Thompson's visitation schedule with his son. Thompson's medical documentation offers no explanation for why he was unable to mail his appeal to this Court in a timely manner.
(3) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[6]
(4) There is nothing in the record to reflect that Thompson's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] Del. Supr. Ct. R. 6(a) (ii).
[3] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829(1989).
[4] Del. Supr. Ct. R. 10(a).
[5] Carr v. State, 554 A.2d at 779.
[6] Bey v. State, 402 A.2d 362, 363 (Del. 1979).