WALTER HOOK, Respondent Below-Appellant,
v.
STATE OF DELAWARE, Petitioner Below-Appellee.
No. 488, 2008.
Supreme Court of Delaware.
Submitted: September 29, 2008.
Decided: October 9, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 9th day of October 2008, it appears to the Court that:
(1) On September 22, 2008, the Court received the appellant's notice of appeal from the Family Court's August 12, 2008 order. Pursuant to Supreme Court Rule 6, a timely appeal should have been filed on or before September 11, 2008.
(2) On September 23, 2008, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why his appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on September 29, 2008. The appellant states that his appeal should not be dismissed because he did not understand that a notice of appeal must be filed within 30 days after entry upon the docket of the judgment or order being appealed.[1]
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of the Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to strictly comply with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) There is nothing in the record before us that reflects that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Supr. Ct. R. 6.
[2] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).