CHRISTOPHER S. HERRING, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 30, 2009.
Supreme Court of Delaware.
Submitted: February 9, 2009.
Decided: February 18, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 18th day of February 2009, it appears to the Court that:
(1) On January 20, 2009, the Court received the appellant's notice of appeal from the Superior Court's order, which was docketed on May 12, 2008, denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Pursuant to Supreme Court Rule 6, a timely notice of appeal from the May 12, 2008 order should have been filed on or before June 11, 2008.
(2) On January 21, 2009, the Clerk of the Court issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on January 28, 2009 and the State filed a reply on February 9, 2009. The appellant argues that he did not receive notice of the issuance of the Superior Court's May 12, 2008 order and never signed for correspondence from the Superior Court during the relevant time period. In its reply, the State asserts that it has confirmed with the prison that the appellant signed for correspondence from the Superior Court on both May 13, 2008 and June 7, 2008.
(3) Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal in any proceeding for postconviction relief must be filed within 30 days after entry upon the docket of the judgment or order being appealed. Moreover, time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of the Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]
(4) There is nothing in the record before us reflecting that the appellant's failure to file a timely notice of appeal is attributable to court-related related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.[5]
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).
[5] The appellant's motion for remand, filed on January 20, 2009, is denied as moot.