MARCELLOUS A. HOLBROOK, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 158, 2009
Supreme Court of Delaware.
Submitted: April 2, 2009
Decided: May 18, 2009
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 18th day of May 2009, it appears to the Court that:
(1) In 2007, the appellant, Marcellous A. Holbrook, was tried, convicted and sentenced in the Superior Court on drug charges. Holbrook, who was represented by counsel, did not file a direct appeal.
(2) On March 24, 2009, the Court received Holbrook's untimely notice of appeal from the Superior Court's order dated and docketed February 17, 2009, that denied Holbrook's pro se motion for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 19, 2009.[1]
(3) On March 24, 2009, the Clerk issued a notice directing that Holbrook show cause why the appeal should not be dismissed as untimely filed.[2] Holbrook filed a response to the notice to show cause on April 2, 2009.
(4) In his response to the notice, Holbrook asserts that his former defense counsel was ineffective for failing to file a direct appeal from the 2007 conviction and sentencing. Holbrook does not, however, address the untimeliness of his pro se appeal from the Superior Court's denial of postconviction relief.
(5) "Time is a jurisdictional requirement."[3] Under Delaware law, a notice of appeal must be received by the Office of the Clerk within the applicable time period to be effective.[4] Unless an appellant can demonstrate that the failure to timely file a notice of appeal is attributable to court related personnel, an untimely appeal cannot be considered.[5]
(6) Holbrook does not contend, and the record does not reflect, that his failure to timely file a notice of appeal from the Superior Court's February 17, 2009 denial of postconviction relief is attributable to court related personnel. This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a).
[2] Del. Supr. Ct. R. 29(b).
[3] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[4] Del. Supr. Ct. R. 10(a).
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).