DOSH COVERDALE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 228, 2009.
Supreme Court of Delaware.
Submitted: May 21, 2009.
Decided: May 27, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 27th day of May 2009, it appears to the Court that:
(1) On April 21, 2009, the Court received the appellant's notice of appeal from the Superior Court's order, dated and docketed on March 11, 2009, which denied his motion for sentence modification. Pursuant to Supreme Court Rule 6, a timely notice of appeal from the March 11, 2009 order should have been filed on or before April 10, 2009.
(2) On April 23, 2009, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on May 21, 2009. The appellant states that he did not receive the Superior Court's order until March 20, 2009. He then wrote to the Office of the Public Defender requesting that counsel be appointed for him. Receiving no response from the Public Defender's Office, the appellant then filed his notice of appeal.
(3) Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal must be filed within 30 days after entry upon the docket of the judgment or order being appealed. Moreover, time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely appeal is attributable to court-related personnel, his appeal cannot be considered.[4]
(4) There is nothing in the record before us reflecting that the appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. The appellant concedes receiving the Superior Court's order on March 20, 2009 and, therefore, had sufficient time in which to file a timely notice of appeal. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).