PATRICK L. GARNETT, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 308, 2009
Supreme Court of Delaware.
Submitted: June 16, 2009
Decided: June 29, 2009
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 29th day of June 2009, it appears to the Court that:
(1) On May 29, 2009, the Court received the appellant's notice of appeal from the Superior Court's order denying his motion for sentence modification, which was dated and docketed on April 17, 2009. Pursuant to Supreme Court Rule 6, a timely notice of appeal from the April 17, 2009 order should have been filed on or before May 18, 2009.
(2) On May 29, 2009, the Clerk issued a notice pursuant to Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed a response to the notice to show cause on June 16, 2009. The appellant states that it took two weeks for him to be scheduled for an appointment at the prison law library and that, in any case, he believed he had 30 days from the date he received the Superior Court's order to file his appeal.
(3) Pursuant to Rule 6(a) (iii), a notice of appeal in any proceeding for postconviction relief must be filed within 30 days after entry upon the docket of the judgment or order being appealed. Moreover, time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]
(4) There is nothing in the record before us reflecting that the appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).