JOHN B. SULLIVAN, Appellant Below-Appellant,
v.
SEITZ, VAN OGTROP, & GREEN, Appellee Below-Appellee.
No. 362, 2009
Supreme Court of Delaware.
Submitted: July 27, 2009.
Decided: August 7, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 7th day of August 2009, it appears to the Court that:
(1) On June 22, 2009, the Court received appellant's notice of appeal from a Superior Court order, dated May 20, 2009, which affirmed a judgment by the Court of Common Pleas. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before June 19, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on July 27, 2009. He asserts that he did not receive a copy of the Superior Court's order until May 25, 2009 because the trial court mailed his copy of the decision to his street address instead of to his post office box. Apparently, appellant is arguing that his untimely appeal should be allowed because of this alleged delay in his mail delivery.
(3) We disagree. Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) In this case, appellant acknowledges receipt of the Superior Court's decision on May 25. He offers no explanation for why he did not timely file his notice of appeal by June 19. There is nothing in the record to substantiate appellant's suggestion that his failure to file a timely notice of appeal in this case is attributable to Superior Court personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(i).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).