TROY C. HUDSON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 44, 2010.
Supreme Court of Delaware.
Submitted: February 22, 2010.
Decided: April 13, 2010.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 13th day of April 2010, it appears to the Court that:
(1) On January 28, 2010, the Court received appellant's notice of appeal from a Superior Court order, dated November 6, 2009, which denied his motion for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before December 7, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on February 12, 2010. He asserts that he placed his notice of appeal in the mail on December 1, 2009. He contends that he should not be faulted because of a failure of the postal system. The State has filed an answer in opposition to appellant's response.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) In this case, appellant's claim that he placed his notice of appeal in the mail on December 1, 2009 is unsubstantiated. Even if he could prove this assertion, however, postal workers are not court-related personnel. Consequently, even assuming appellant's notice of appeal was lost in the mail, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(iii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).