ROBERT TEAT, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 229, 2010.
Supreme Court of Delaware.
Submitted: April 29, 2010.
Decided: May 24, 2010.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 24th day of May 2010, it appears to the Court that:
(1) On April 22, 2010, the Court received appellant's notice of appeal from a Superior Court order, dated January 14, 2010, which denied appellant's pro se motion for modification of sentence. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before February 15, 2010.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on April 29, 2010. He asserts that nobody informed him of the deadline for taking an appeal. He asks the Court to excuse his untimely filing in the interests of justice.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) There is nothing in the record to reflect that appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(iii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).