IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAMEE GREGORY, | § | |
| | § | No. 212, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1205025487 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 19, 2016
Decided: May 24, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 24th day of May 2016, it appears to the Court that:

(1) On April 28, 2016, the Court received the appellant Ramee Gregory's notice of appeal from the Superior Court's order, docketed September 29, 2015, which denied his motion for postconviction relief and granted his attorney's motion to withdraw as counsel ("the Postconviction Order"). Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before October 29, 2015.

(2) The Clerk issued a notice directing Gregory to show cause why the appeal should not be dismissed as untimely. Gregory filed a response contending that neither his counsel nor the Superior Court ever provided him with a copy of

the Postconviction Order. Gregory asserts that he only found out about it after he wrote to the Superior Court to inquire about its status. He attaches to his response a copy of the docket sheet that was provided to him by the Superior Court in response to his inquiry. The docket sheet is dated March 10, 2016. Gregory also attaches a copy of the Department of Correction's mail log, reflecting that he received notice of the order on March 16, 2016.

(3) At the Court's request, Gregory's counsel below also filed a response to the notice to show cause. Counsel asserts that, after a thorough review of his files, he could find no evidence that the Superior Court had ever sent him a copy of the Postconviction Order. While counsel's normal practice would have been to send a copy of the order along with information about the right to appeal, counsel states that did not happen in this case.

(4) The State filed a reply. The State asserts that, even if court personnel erred by failing to provide Gregory or his former counsel with a copy of the Postconviction Order at the time it was issued, Gregory's appeal is still untimely because Gregory acknowledges that he had notice of the Postconviction Order on March 16, 2016, but he did not file his notice of appeal until April 28, 2016. Because Gregory failed to file his appeal within 30 days of March 16, 2016, the State contends that this Court lacks jurisdiction to consider his untimely appeal.

(5)     We agree.  Time is a jurisdictional requirement.[1]  A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, his appeal cannot be considered.[3]

(6)     In this case, even if we assume that court personnel erred in failing to timely provide Gregory with a copy of the Postconviction Order, he still was required to file his notice of appeal within 30 days of the date that he first had notice of the Postconviction Order. At the latest, Gregory by his own admission knew of the Postconviction Order by March 16, 2016.  His notice of appeal, therefore, should have been filed on or before April 15, 2016.  It was not. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The Court concludes that Gregory's appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2]Del. Supr. Ct. R. 10(a) (2016).
[3]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

3