IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DOMINIQUE TISINGER, | § | |
| | § | |
| Defendant Below- | § | No. 568, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1510007181 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:   March 15, 2017
Decided:     April 20, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 20th day of April 2017, it appears to the Court that:

(1)    On November 29, 2016, the Court received appellant Dominique Tisinger's notice of appeal from a Superior Court order dated October 7, 2016. The Superior Court's order sentenced Tisinger on several criminal convictions and a violation of probation following his guilty plea. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before November 7, 2016.

(2)    The Senior Court Clerk issued a notice directing Tisinger to show cause why his appeal should not be dismissed as untimely. Tisinger filed a response on December 9, 2016. He contends that his notice of appeal was

untimely because: (i) his appointed counsel failed to respond to his requests about filing an appeal; (ii) he did not have access to the law library to find out the rules for filing an appeal; and (iii) he thought that he had ninety days to file his appeal.

(3)     The Court requested Tisinger's court-appointed counsel to reply to Tisinger's response.  After an extension, the Court received counsel's reply on March 15, 2017.  Counsel asserts that that she had discussed the appeal process with Tisinger the day before he was sentenced and informed him of the 30 day appeal period.  Tisinger did not request counsel to file an appeal and did not contact her after his sentencing to inquire about an appeal.

(4)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  This Court cannot consider an untimely appeal unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[3]  Tisinger has not made such a showing in this case.  Thus, the Court concludes that his appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2]Del. Supr. Ct. R. 10(a).
[3]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2