IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT J. PICKLE, | § | |
| | § | |
| Defendant Below, | § | No. 14, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1309017881 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 22, 2018
Decided: January 24, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## <u>ORDER</u>

This 24th day of January 2018, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On January 8, 2018, the appellant, Robert Pickle, filed a notice of appeal from a Superior Court order, dated and docketed on December 4, 2017, summarily dismissing his first motion for postconviction relief under Superior Court Criminal Rule 61. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before January 3, 2018. The Senior Court Clerk issued a notice directing Pickle to show cause why this appeal should not be dismissed as untimely filed.

(2) On January 22, 2018, Pickle filed his response to the notice to show cause. In his response to the notice to show cause, Pickle states his appeal was late due to the holidays and weather conditions, staffing shortages at the prison, and his learning disabilities and mental health issues. He also argues the merits of his appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) Pickle does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Prison personnel are not court-related personnel.[5] This appeal does not fall therefore within the general exception that mandates the timely filing of a notice of appeal.[6] The appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr,* 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).
[6] *See, e.g.*, *Vessels v. State*, 2012 WL 361725, at *1 (Del. Feb. 3, 2012) (dismissing untimely appeal where the appellant claimed delay was reasonable in light of the holidays).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice