IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYNE S. O'NEAL, | § | |
| | § | No. 509, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. S1806003326 |
| Plaintiff Below, | § | and S1210010667 |
| Appellee. | § | |

Submitted: October 19, 2018
Decided: November 19, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

### **ORDER**

Upon consideration of the notice to show cause, the appellant's response, and trial counsel's reply, it appears to the Court that:

(1) On October 1, 2018, the Court received the appellant Wayne O'Neal's *pro se* notice of appeal from the Superior Court's orders, entered on August 21, 2018, sentencing him for his 5th DUI conviction and for violating the probation associated with his 4th DUI conviction. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before September 20, 2018.

(2)     The Senior Court Clerk issued a notice directing O'Neal to show cause why his appeal should not be dismissed as untimely.[1]  O'Neal filed a response on October 9, 2018, asserting that he calculated the thirty-day appeal period by counting business days instead of calendar days.  The Court directed O'Neal's trial counsel in the guilty plea proceedings below to file a reply.  Counsel indicates that he informed O'Neal in writing that, by pleading guilty, he was waiving his right to appeal, and if O'Neal wanted to appeal, the Supreme Court rules required that a notice of appeal be filed within 30 days of sentencing in compliance with Supreme Court Rules 6 and 7.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]  The appellant has not demonstrated that court-related personnel are responsible for his untimely filing.  Thus, the appeal must be dismissed for lack of jurisdiction.

---

[1]Del. Supr. Ct. R. 29(b).
[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]Del. Supr. Ct. R. 10(a).
[4]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice