**Bruce J. CARR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 12, 1989.

Decided: Feb. 13, 1989.

Bruce J. Carr, pro se.

Richard E. Fairbanks, Jr., Chief of Appeals Division, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

PER CURIAM.

Following a trial in Superior Court, a jury convicted the appellant, Bruce J. Carr, of multiple counts of kidnapping in the first degree, conspiracy in the first degree, and attempted rape in the first degree, and one count of rape in the first degree. These convictions were affirmed on direct appeal. *Carr v. State*, Del.Supr., No. 322, 1982, Horsey, J. (November 9, 1983) (ORDER).

The present action concerns Carr's eighth postconviction relief motion. This motion was denied by the Superior Court on November 10, 1988, and docketed by the Prothonotary on the same day. Carr docketed an appeal from that order with the Clerk of this Court on December 13, 1988.

On December 16, 1988, the State moved, pursuant to Supreme Court Rules 29 and 30, to dismiss the appeal on the ground that the notice of appeal was not filed within the required time period of 30 days. 10 *Del.C.* § 147; Supr.Ct.R. 6. Carr then submitted an "Affidavit and Response" in opposition to the State's motion.

In his response to the State's motion, Carr first contends that even if his notice of appeal was not docketed in the Office of the Clerk of the Supreme Court within the required 30 day period nevertheless he placed the notice of appeal in the prison mailbox within this required time, and thus he should be permitted to proceed with his appeal. Carr notes that as a *pro se* litigant in prison he is unable to travel personally to the courthouse to see that his notice of appeal is stamped or filed in a timely fashion, as other litigants have the option of doing; instead, he must place his notice of appeal in the prison mailbox. Therefore, Carr contends that a *pro se* prisoner's notice of appeal should be considered to be

filed at the moment it is placed in a prison mailbox. In support of this proposition Carr cites *Houston v. Lack,* —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). We find no merit in this contention.

The Delaware Code plainly states that "[n]o appeal from the Superior Court in a criminal action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree." 10 *Del.C.* § 147. Thus, Delaware law provides that in order for a notice of appeal, to be effective, it must be received and filed by the Office of the Clerk of the Supreme Court within 30 days after the date of a criminal judgment or decree. Supreme Court Rule 6 provides that a notice of appeal must be filed "within 30 days after entry upon the docket [of the Superior Court] of a judgment or order in any proceeding for post-conviction relief." Indeed, as the Supreme Court Rules make expressly clear, "[f]iling by mail in the office of the Clerk of the Court in Dover is permissible, *provided that filing shall not be deemed to be complete until the paper has been received* in the office of the Clerk." Supr.Ct.R. 10(a) (emphasis added).[1] Thus, under Delaware law and procedure, a notice of appeal is filed when it is received and filed by the office of the Clerk, not at the moment it is placed in the mail.

■ Time is a jurisdictional requirement. Accordingly, this Court has held that when an appeal is not filed within the statutory time period the Court is without jurisdiction to hear the appeal. *Scott v. Draper,* Del.Supr., 371 A.2d 1073, 1074 (1977). When a party fails to perfect timely its appeal "a jurisdictional defect is created which may not be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney." *Riggs v. Riggs,* Del.Supr., 539 A.2d 163, 164 (1988). *See also Bey v. State,* Del.Supr., 402 A.2d 362, 363 (1979); *Preform Building Components, Inc. v.*

*Edwards,* Del.Supr., 280 A.2d 697, 698 (1971).

This Court previously considered a *pro se* prisoner's contention that by "mailing the Notice of Appeal 'within the time allowed by the Court', there has been sufficient compliance with the controlling rule and statute ... particularly since the mailing procedures of the Correctional Center are not within [a prisoner's] control." *Turner v. State,* Del.Supr., No. 51, 1985, slip op. at 2, Horsey, J., (March 18, 1985) [497 A.2d 792 (table)] (ORDER). In the case of *Turner v. State* this Court refused to create a separate "mailbox rule" for prisoners, holding that 10 *Del.C.* § 147 and Supreme Court Rule 6 "clearly require a timely filing within a 30-day period, irrespective of the mailing date." *Id. Accord Dunham v. State,* Del.Supr., 522 A.2d 347 (1987), Horsey, J. (ORDER).

Carr is, in effect, requesting this Court to reverse its interpretation of 10 *Del.C.* § 147 and Supreme Court Rule 6 and to adopt a separate prison mailbox rule. The sole basis for his position is the recent decision by the United States Supreme Court that under the Federal Rules of Appellate Procedure a *pro se* defendant who is incarcerated in a federal prison "files" his notice of appeal when he delivers it to the prison authorities for forwarding to the federal court because "in such a case the jailer is in effect the clerk of the District Court...." *Houston v. Lack,* —— U.S. at ——, 108 S.Ct. at 2382, 101 L.Ed.2d at 251 (citing, and adopting, the concurring opinion in *Fallen v. United States,* 378 U.S. 139, 144, 84 S.Ct. 1689, 1692–93, 12 L.Ed.2d 760, 764 (1964)). However, the Supreme Court did not establish as a constitutional requirement that there must be a prison mailbox rule. Instead, the Supreme Court merely interpreted the procedure provided for in the Federal Rules of Appellate Procedure. Thus, the case of *Houston v. Lack* does not compel this Court to abandon its own precedent.

■ This Court continues to believe that the prison mailbox rule is inappropriate for Delaware. In the first instance, a notice of

---

1. Supreme Court Rule 10(a) also permits "[f]il-ing with a Deputy Clerk in any county."

appeal filing deadline is not subject to enlargement in Delaware, *Preform Building Components, Inc. v. Edwards,* 280 A.2d at 698, as it is in the federal system. *See* Fed.R.App.Pro. 4.

Additionally, as is evidenced in Carr's response, the procedure used to mail letters in the Delaware prison system is very different from that employed in the federal penal system. Under the federal penitentiary system "[t]he *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date." *Houston v. Lack,* — U.S. at —, 108 S.Ct. at 2385, 101 L.Ed.2d at 254-55. The Delaware correctional system does not use such an elaborate mailing procedure. As Carr admits, to mail his notice of appeal he simply "placed it into the required prison mailbox." In the State system no one would have any record of when a piece of mail was posted.[2] Since the procedural protections of the federal system do not exist in Delaware, the policy grounds which favored the adoption of the prison mailbox rule in the federal system, *id.* at —, 108 S.Ct. at 2384-85, 101 L.Ed. 2d at 254-55, lead to the opposite result in Delaware. In the absence of compelling policy reasons to support a change in our longstanding interpretation of Delaware law, we decline to adopt a separate prison mailbox rule.

Carr's second contention is that a clerical error may have occurred during the handling of his notice of appeal. Carr's challenge to the docketing procedures of the Clerk of the Court must be rejected because the settled procedures of the Clerk of the Supreme Court create a strong presumption that Carr's papers were docketed when they were actually received.[3] *Cf. Houston v. Lack,* — U.S. at —, 108 S.Ct. at 2385, 101 L.Ed.2d at 255. A contention that a clerical error may have occurred, in the absence of any supporting evidence, is insufficient to overcome the presumption that the notice of appeal was properly docketed. *Cf. Bey v. State,* 402 A.2d at 363.

Therefore, we hold that the appellant did not meet the jurisdictional requirement of filing his notice of appeal within 30 days. The failure to meet this jurisdictional requirement precludes the consideration of the appellant's appeal.

The appeal is hereby DISMISSED.

---

2. Carr's own response and affidavit demonstrate the administrative problems inherent in the adoption of the prison mailbox rule in this State. In Carr's affidavit he states that he mailed his notice of appeal on December 9, 1988. Yet in Carr's response he states that he placed his notice of appeal in the "prison mail box on the same date as indicated on his notice of appeal petition." The date on the petition is December 5, 1988. A prison mailbox rule would make it extremely difficult to determine the date an appeal such as this was actually placed in the prison mailbox.

3. The Supreme Court docket sheet lists December 13, 1988, as the date the notice of appeal was docketed in the Supreme Court. Carr notes that the Superior Court docket sheet lists December 14, 1988, as the date the notice of appeal was docketed in the Superior Court, and he contends that the difference in dates is the result of a "flexible" entry system which suggests "the possibility of clerical error." In fact, however, the courts do not employ a "flexible" entry system. Each court maintains its own docket schedule. There is nothing unusual about a notice of appeal to the Supreme Court being docketed first in the Supreme Court and then being docketed in Superior Court on a later date. For the filing of a timely notice of appeal from the Superior Court, the date of docketing in the Supreme Court is the controlling date. Supr.Ct.R. 6.