JOHNNY COLLINS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 539, 2007.
Supreme Court of Delaware.
Submitted: October 18, 2007.
Decided: November 19, 2007.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 19th day of November 2007, it appears to the Court that:
(1) On October 9, 2007, the Court received the appellant's notice of appeal from the Superior Court's August 28, 2007 order denying his motion for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal from the August 28, 2007 order should have been filed on or before September 27, 2007.
(2) On October 9, 2007, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on October 18, 2007. The appellant acknowledges that his notice of appeal was untimely filed, but states that there were problems with the prison mail system as well as delays in consulting with a paralegal that prevented him from filing a timely notice of appeal. Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal in any proceeding for postconviction relief must be filed within 30 days after entry upon the docket of the judgment or order being appealed.
(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]
(4) There is nothing in the record reflecting that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).