DAVID DeJESUS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 471, 536, 2008 Consolidated
Supreme Court of Delaware.
Submitted: December 3, 2008
Decided: February 6, 2009
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 6th day of February 2009, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, David DeJesus, filed two separate notices of appeal from orders of the Superior Court dated August 12, 2008 and October 6, 2008. After the Court issued a rule to show cause in appeal No. 471, 2008 due to the apparent untimeliness of the appeal, DeJesus wrote to the Court requesting to amend the notices of appeal in both cases to reflect his intent to appeal from an order of the Superior Court dated October 14, 2008, which denied his motion for "medical modification" of his sentence. The State has filed a motion to affirm the consolidated appeal on the ground that it is manifest on the face of DeJesus' opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that, in 2005, DeJesus was charged under two separate indictments with two counts of second degree burglary, and one count each of second degree robbery, theft of a firearm, theft under $1000, and second degree conspiracy. DeJesus resolved both sets of charges by entering a guilty plea to two counts of second degree burglary and one count of second degree robbery. The other charges were dismissed. On February 2, 2006, the Superior Court sentenced DeJesus to a total period of fifteen years at Level V incarceration, to be suspended after serving three years in prison for decreasing levels of supervision. DeJesus did not appeal his convictions or sentence. Instead, he filed multiple unsuccessful motions requesting a modification or reduction of his sentence. On August 12, 2008, the Superior Court found DeJesus in violation of the terms of his probation and sentenced him to four years at Level V incarceration, to be suspended immediately for eighteen months at the Level IV, to be suspended after serving six months at the VOP Center for one year at Level III probation.
(3) On September 16, 2008, DeJesus filed a notice of appeal in case No. 471, 2008 from the August 12, 2008 VOP sentencing order. On October 27, 2008 DeJesus filed a second appeal in case No. 536, 2008 from the Superior Court's order, dated October 6, 2008, which denied his motion for a modification of sentence. Because the notice of appeal in No. 471, 2008 appeared to be untimely, the Clerk issued a notice to DeJesus to show cause why the appeal shouldn't be dismissed. Thereafter, DeJesus requested to file an amended notice of appeal in both cases in order to appeal from a Superior Court order dated October 14, 2008. That order denied DeJesus' request for a modification of sentence based on medical reasons. The appeals, therefore, were consolidated.
(4) In his opening brief on appeal, DeJesus challenges the underlying basis for the VOP adjudication. Because his appeal as to the VOP adjudication was not timely filed,[1] we cannot consider the merits of that ruling here.[2] With respect to the Superior Court's denial of his request for a sentence modification, DeJesus contends that he has a bad liver and that he is unable physically to complete the VOP Center programs, which require his participation from 5 a.m. to 9 p.m. He suggests that the Superior Court abused its discretion in denying his request for a sentence modification because he is not receiving proper medical care at the VOP Center. In the first instance, because DeJesus informed this Court that he has completed the Level IV portion of his VOP sentence and thus has been released from the VOP Center, his request to modify this aspect of his sentence is moot. Moreover, it is clear from the Superior Court record that DeJesus filed multiple sentence modification motions. We find no abuse of the Superior Court's discretion in denying his motion as repetitive.[3]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Pursuant to Supreme Court Rule 6(a)(1), a timely notice of appeal from the August 12, 2008 VOP sentence should have been filed on or before September 11, 2008. DeJesus did not file his appeal until September 16, and his response to the notice to show cause offered no justification for his untimely filing.
[2] See Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989) (holding that time is a jurisdictional requirement and the Court lacks jurisdiction to consider an untimely appeal unless the untimely filing is attributable to court-related personnel).
[3] Del. Super. Ct. Crim. R. 35(b) (2009).