JOHN A. NICHOLAS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 438, 2009.
Supreme Court of Delaware.
Submitted: August 28, 2009.
Decided: September 25, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 25th day of September 2009, it appears to the Court that:
(1) On August 3, 2009, the Court received appellant's notice of appeal from a Superior Court order, dated June 25, 2009, denying his motion for reduction and/or modification of sentence. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before July 27, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on August 28, 2009. He asserts that he did not file his appeal on time because he was not aware that he was permitted to appeal, and he did not know there was a time limit.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) There is nothing in the record to reflect that appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED. BY THE COURT:
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).