KEITH FAULKNER, Petitioner Below-Appellant,
v.
M. DAVIS & SON, INC., Plaintiff Below-Appellee.
No. 517, 2009.
Supreme Court of Delaware.
Submitted: October 20, 2009.
Decided: January 5, 2010.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice.
This 5th day of January 2010, it appears to the Court that:
(1) On September 3, 2009, the Court received appellant's notice of appeal from a Superior Court order, dated July 22, 2009, affirming the Industrial Accident Board's decision to terminate his total disability benefits. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before August 21, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on September 10, 2009. He asserts that he did not receive a copy of the Superior Court's decision until August 18 and that he contacted his counsel on August 21 and requested that a notice of appeal be filed on his behalf.
(3) Thereafter, the Court received replies from both appellant's trial counsel and from the appellee. The appellee argues that, even if appellant is correct in his assertion that he did not receive a copy of the Superior Court's decision in a timely manner from his trial counsel, this is not an exception to the rule requiring the timely filing of a notice of appeal because counsel is not court-related personnel. Appellant filed a response arguing that, as an officer of the court, his former counsel should be considered "court-related personnel" in order to excuse his untimely appeal.
(4) We disagree with the appellant's argument. Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4] Even assuming that appellant did not receive a copy of the Superior Court's decision until August 18, his counsel's alleged failure to file the notice of appeal on his behalf in a timely manner does not, as appellant suggests, mean that the untimely filing is attributable to Superior Court personnel.[5]
(5) There is nothing in the record to reflect that appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(i).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).
[5] See Giordano v. Marta, 723 A.2d 833, 837 (Del. 1998).