IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEXIS TAYLOR,[1] | § | |
| | § | |
| Respondent Below, | § | No. 215, 2015 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| GREG POWELL, | § | File No. CN02-9338 |
| | § | Petition No. 14-20199 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: May 18, 2015
Decided: May 20, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **ORDER**

This 20th day of May 2015, it appears to the Court that:

(1)     On April 29, 2015, the Court received the appellant's notice of appeal from a January 21, 2015 Family Court order finding the appellant in contempt of a consent support order.  Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before February 20, 2015.

(2)     On April 30, 2015, the Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  In her response to the notice to show cause, the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

appellant stated that the January 21, 2015 order did not include information regarding the appeal process or the deadline for filing an appeal. The appellant further stated that she sent a letter to the Family Court judge within the thirty day time period, but did not receive a response.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) There is nothing in the record before us reflecting that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] Supr. Ct. R. 10(a).

[4] *Carr v. State*, 554 A.2d at 779. *See also Oliver v. State*, 2011 WL 6016240, at *1 (Del. Dec. 2, 2011) (dismissing appeal as untimely filed where appellant argued that he was representing himself and unaware of deadline for filing timely notice of appeal).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice