IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIANNE R. YOUNG, | § | |
| | § | |
| Defendant Below, | § | No. 13, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9904019648 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 19, 2018
Decided: January 22, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

This 22nd day of January 2018, upon consideration of the notice to show cause, the appellant's response, and the appellant's motions for appointment of counsel, it appears to the Court that:

(1) On January 8, 2018, the appellant, Adrianne R. Young, filed a notice of appeal from a Superior Court order, dated December 3, 2017 and docketed on December 4, 2017, summarily dismissing her fifth motion for postconviction relief under Superior Court Criminal Rule 61. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before January 3, 2018. The Senior Court Clerk issued a notice directing Young to show cause why this appeal

should not be dismissed as untimely filed. On January 11, 2018, Young filed a motion for appointment of counsel.

(2) On January 19, 2018, Young filed her response to the notice to show cause and another motion for appointment of counsel. In her response to the notice to show cause, Young states that her appeal was late because there was no mail bag in her unit for three days so the mail did not go out. She also notes that the she filed another motion for postconviction relief that the Superior Court denied on January 5, 2018.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) Young has not shown that her failure to file a timely notice of appeal is attributable to court personnel. A claim that prison personnel were ineffective in assisting an inmate with an appeal does not excuse failure to file a timely appeal.[5]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr,* 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See, e.g., Schafferman v. State*, 2016 WL 5929953, at *1 n.5 (Del. Oct. 11, 2016) (dismissing untimely appeal where inmate claimed his appeal was late because prison staff failed to timely

2

Prison personnel are not court-related personnel.[6]  This appeal must therefore be dismissed.  In light of the dismissal of the appeal, the motions for appointment of counsel are moot.  To the extent Young wishes to appeal the Superior Court's January 5, 2018 order, she must file another notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Superior Court Rule 29(b), this appeal must be DISMISSED.  The motions for appointment of counsel are moot.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

respond to his request for a notice of appeal form, failed to promptly notarize his inmate account statement, and caused further delay by returning his appeal papers to him with an envelope erroneously marked "postage due").

[6] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).