IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN YOUNG, | § | |
| | § | |
| Defendant Below, | § | No. 463, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1801013445 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 24, 2018
Decided: November 20, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses the Court concludes that:

(1) On September 10, 2018, the appellant, John Young, filed a notice of appeal from his Superior Court sentencing on August 6, 2018 after he pled guilty to Rape in the Second Degree and Criminal Contempt. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before September 5, 2018. The Senior Court Clerk issued a notice directing Young to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Young states that: (i) he was ignorant of the process of the motion to file after he was sentenced; (ii) there

was a lockdown while inmates were transported in and out of the prison; (iii) there was a stoppage in mail and visitation due to guards and inmates becoming ill in Ohio and Pennsylvania; and (iv) assaults on guards led to limits on law library privileges. At the Court's request, the State and Young's trial counsel responded to Young's contentions.

(3) The State argues that the appeal should be dismissed as untimely because time is a jurisdictional requirement and nothing in the record indicates that Young's failure to file a timely appeal is attributable to court personnel. The State also points out that Young was present for sentencing, he received legal mail on August 17, 2018, and he did not request a law library appointment until September 5, 2018. Young's trial counsel states that she reviewed Young's waiver of his right to appeal with the assistance of a lawyer as part of his guilty plea. She also states that Young did not ask her about filing a notice of appeal and that she did not provide additional advice. She notes that there were media reports of inmate restrictions after staff and inmates in prisons outside the state fell ill.

(4) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless an appellant can demonstrate that the failure to file a

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).

timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(5)     The record does not reflect that Young's failure to file a timely notice of appeal is attributable to court-related personnel.  Department of Correction employees and defense counsel are not court-related personnel.[4]  As the State points out, Young does not indicate when any lockdowns or restrictions began or ended.  The documents provided by the State show that Young received legal mail on August 17, 2018, but did not request a library appointment until September 5, 2018, the day his notice of appeal was due.  This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *Kreider v. State*, 2012 WL 2979015, at *1 (Del. July 20, 2012); *Chrichlow v. State*, 2009 WL 2027250, at *1 (Del. July 14, 2009).