IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN YOTHERS,[1] | § | |
| | § | No. 563, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| MICHELLE YOTHERS, | § | File No. CK10-03333 |
| | § | Petition No. 15-26452 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2018
Decided: December 20, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## O R D E R

Having considered the notice of interlocutory appeal under Supreme Court Rule 42, the notice to show cause, and the response to the notice to show cause, it appears to the Court that:

(1)    On November 5, 2018, the appellant, Kevin Yothers, filed a notice of interlocutory appeal from a Family Court order, dated October 2, 2018 and docketed on October 3, 2018, denying his motion for contempt and motion for reconsideration, and motion for correction.  A timely notice of appeal was due in

---

[1] The Court assigns pseudonyms to the parties under Supreme Court Rule 7(d).

this Court by November 2, 2018.[2]  The Senior Court Clerk issued a notice directing Yothers to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Yothers's counsel admits that he miscalculated the filing deadline, but urges the Court to accept the appeal because it meets the Rule 42 criteria.

(2)    Time is a jurisdictional requirement.[3]  Under Supreme Court Rule 42(d), a timely appeal of the Family Court order was due by November 2, 2018. Unless Yothers can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal may not be considered.[4]

(3)    Yothers does not that contend that his failure to file a timely notice of appeal is attributable to court-related personnel.  This case does not does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The Court concludes that this appeal must be dismissed.

---

[2] Supr. Ct. R. 42(d)(providing "[n]o interlocutory order shall be reviewed by this Court unless the appeal therefrom has been accepted by this Court in accordance with the following procedure"); Supr. Ct. R. 42(d)(i)(providing "[t]he notice of appeal may be filed at any time after the filing of the application for certification in the trial court, except that it shall be the obligation of appellant to serve and file in this Court a notice of appeal of an interlocutory order within 30 days after the entry of the order from which the appeal is sought to be taken").

[3] *Carr v. State*, 554 A.2d 778, 779 (Del.1989).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rules 29(b) and 42, that this interlocutory appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice