IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGIA COLLARD,[1] | § | |
| | § | |
| Defendant Below, | § | No. 72, 2019 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | File No. 1712010437 |
| | § | Petition No. 18-38121 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: March 4, 2019
Decided: March 8, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On February 19, 2019, the appellant, Georgia Collard, filed a notice of appeal from a Family Court order dated and docketed on January 18, 2019. Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before February 18, 2018.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The Senior Court Clerk issued a notice directing Collard to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Collard asserts that the appeal was timely filed because February 17, 2019 was a Sunday and February 18, 2019 was Presidents' Day. Rule 11(a) provides that if the last day of a time period prescribed by the rules falls on a Saturday, Sunday, legal holiday, or other day on which the Clerk's office is closed, then the time period shall run until the end of the next day on which the Clerk's office is open. As used in Rule 11(a) "'legal holidays' shall be those days provided by statute or appointed by the Governor or the Chief Justice of Delaware."[2] Presidents' Day is not designated a legal holiday.[3] Collard is correct that January 18, 2019, the day the Family Court order was entered, is not counted in the computation of time. The period for appeal therefore began on January 19, 2019, and, because the thirtieth day was a Sunday, ended on Monday February 18, 2019. The notice of appeal was untimely filed on Tuesday February 19, 2019.

(3) Time is a jurisdictional requirement.[4] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in

---

[2] SUPR. CT. R. 11(a).

[3] 1 *Del. C.* § 501 (listing legal holidays); State of Delaware 2019 Holidays, *available at* https://dhr.delaware.gov/labor/holidays/2019.shtml (same). *See also David A. Bramble, Inc. v. Old Republic Gen. Ins. Corp.*, 2017 WL 1047247 (Del. Mar. 20, 2017) (dismissing an appeal as untimely filed when the last day of the appeal period fell on a Sunday and the notice of appeal was filed the following Tuesday, the day after Presidents' Day).

[4] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

order to be effective.[5]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(4)    Collard has not demonstrated that her failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[5] SUPR. CT. R. 10(a).
[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).