IN THE SUPREME COURT OF THE STATE OF DELAWARE

LARRY BROWN, § 
§ 
    Defendant Below, § No. 65, 2019
    Appellant, § 
§ Court Below: Superior Court
    v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 1006022577 (K)
§ 
    Plaintiff Below, § 
    Appellee. § 
§ 

Submitted: March 7, 2019
Decided: March 18, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause, the appellant's responses, and the State's response, it appears to the Court that:

(1)    On February 15, 2019, the appellant, Larry Brown, filed a notice of appeal from his sentencing in the Superior Court on January 15, 2019 on a violation of probation. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before February 14, 2019.

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     On February 18, 2019, the Senior Court Clerk issued a notice directing Brown to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Brown states that he mailed the notice of appeal on February 13, 2019.  That date of mailing is confirmed by the postmark on the envelope as well as by the mail log of the Howard R. Young Correctional Institution, where Brown is incarcerated.  The envelope and mail log also indicate that Brown addressed the notice of appeal to the Superior Court in Dover, where it was received on February 15, 2019; it was delivered to this Court that same day.

(4)     Brown's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[4]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).

2

Because the record does not reflect that Brown's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice