IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL TARBUTTON, | § | |
| | § | |
| Defendant Below, | § | No. 190, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1802011370 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 30, 2019
Decided: June 4, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On May 3, 2019, the appellant, Michael Tarbutton, filed a notice of appeal from a Superior Court order dated April 29, 2019. Tarbutton did not attach a copy of the order from which he sought to appeal, and no order dated April 29, 2019 appears on the docket in the Superior Court case.

(2) The Senior Court Clerk issued a notice directing Tarbutton to show cause why his appeal should not be dismissed for failure to identify an appealable order. Tarbutton filed a response to the notice to show cause. The response does not specifically identify any order from which Tarbutton appeals; instead, it contends

that Tarbutton's trial counsel rendered ineffective assistance before and during trial and by failing to file a timely direct appeal.

(3) Under the Delaware Constitution, this Court may review a final judgment in a criminal case.[1] If an appellant does not identify such a judgment, the appellant fails to invoke the jurisdiction of the Court.[2] Moreover, a notice of appeal must be received by the Court within the applicable time period to invoke the Court's appellate jurisdiction.[3] The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[4]

(4) The Court infers from Tarbutton's response to the notice to show cause that he seeks to appeal from the judgment of conviction and sentence. The appeal is untimely. Tarbutton was found guilty after trial on August 16, 2018, and was sentenced on September 28, 2018. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before October 29, 2018. Because the record does not reflect that Tarbutton's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.[5]

---

[1] DEL. CONST. art. IV, § 11(1)(b).
[2] *Jackson v. State*, 2015 WL 4425819 (Del. July 17, 2015).
[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989); DEL. SUPR. CT. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] The docket also reflects that on January 25, 2019, the Superior Court denied a motion for reduction of sentence filed by Tarbutton. A timely notice of appeal from that order should have been filed on or before February 25, 2019. Therefore, even if Tarbutton intended to appeal from the Superior Court's January 25, 2019 order, the appeal would be untimely.

(5)     As to the substance of Tarbutton's response to the notice to show cause, the Court notes that ineffective assistance of counsel claims cannot be raised on direct appeal, and must instead be presented in a timely-filed postconviction motion under Superior Court Rule 61.[6]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] *E.g.*, *Desmond v. State*, 654 A.2d 821 (Del. 1994).