IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NANCY WARD,[1] | § | |
| | § | |
| Respondent/Petitioner Below, | § | No. 380, 2019 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DAVID TAYLOR, | § | File No. CK14-02158 |
| | § | Pet. Nos. 18-27213 and 18-37900 |
| Petitioner/Respondent Below, | § | |
| Appellee. | § | IN THE INTEREST OF: |
| | § | KAREN TAYLOR |
| | § | |

Submitted: September 13, 2019
Decided: September 30, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On August 30, 2019, the appellant ("Mother") filed a notice of appeal from a Family Court order dated and docketed July 24, 2019.  Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before August 23, 2019.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On September 5, 2019, the Senior Court Clerk issued a notice directing Mother to show cause why this appeal should not be dismissed as untimely filed. In her response to the notice to show cause, Mother asserts that she moved from Delaware to Arizona and notified the Family Court of her change of address, but the Family Court sent the order to her old, Delaware address, causing a delay in the delivery of the order to Mother. Notably, in her response, Mother does not say that she notified the Family Court of her new address before the July 24, 2019 order was mailed. Instead, she attached an envelope addressed to Mother at her old Delaware address from Family Court, which is postmarked before the issuance of the July 24, 2019 order.

(3)     Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] SUPR. CT. R. 10(a).

[4] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019); *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).

[5] *Rogers*, 2019 WL 168667; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

(4)   Mother has not demonstrated that her failure to file a timely notice of appeal is attributable to court-related personnel.  The envelope that she has attached to her response cannot relate to the July 24, 2019 order, because it is postmarked before the date of that order, nor does it demonstrate that Mother informed the Family Court before the order was issued that her mailing address had changed. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

3