IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | § | |
| | § | No. 379, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1002002758 (N) |
| Appellee. | § | |

Submitted: January 6, 2021
Decided:  January 11, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

**ORDER**

After careful consideration of the notice to show cause, the appellant's response, and the appellant's motion for the appointment of counsel, it appears to the Court that:

(1)  On November 9, 2020, the Court received a notice of appeal filed by the appellant, Cornell Hester. The Superior Court accepted Hester's guilty plea and sentenced Hester more than nine years ago on February 10, 2011. A timely notice

of appeal had to be filed within thirty days after Hester was sentenced.[1]  The time period within which to file a notice of appeal is jurisdictional and thus mandatory.[2]

(2)     On December 9, 2020, the Senior Court Clerk issued a notice directing Hester to show cause why his appeal should not be dismissed as untimely filed. Hester filed a response to the notice to show cause, but it does not address the untimeliness of his notice of appeal.

(3)     Under Delaware law, the jurisdictional defect that was created by the untimely appeal cannot be excused unless Hester can demonstrate that the delay in filing his appeal was attributable to court-related personnel.[3]  Hester does not allege, and the record does not reflect, that Hester's failure to timely file his notice of appeal is attributable to court-related personnel.  Accordingly, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

(4)     Hester filed a motion for appointment of counsel in connection with his appeal.  To the extent that Hester seeks counsel to assist him in remedying the jurisdictional defect created by the untimely appeal, the motion is futile and granting it is unwarranted.  To the extent that Hester seeks the appointment of counsel to assist him in challenging the validity of his conviction, the motion is rendered moot by the Court's dismissal of this appeal.

---

[1] Del. Supr. Ct. R. 6(a)(iii).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.  The motion for appointment of counsel is denied as MOOT.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice