IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BURROWS, | § | |
| | § | |
| Defendant Below, | § | No. 99, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1507008924 (N) |
| | § | |
| Appellee. | § | |

Submitted: April 26, 2022
Decided: May 5, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On March 21, 2022, the Court received a letter from the appellant, Williams Burrows, expressing his desire to appeal from a Superior Court order dated February 7, 2022, and docketed on February 8, 2022, that denied his motion for reduction or modification of sentence. The Senior Court Clerk deemed the letter to be a notice of appeal and issued a notice directing Burrows to show cause why the appeal should not be dismissed as untimely filed. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before March 10, 2022.

(2)     In response to the notice to show cause, Burrows states that he sent a notice of appeal on April 3, 2022—later than the letter that was deemed to be his notice of appeal—and indicates that he believed the deadline to appeal to be April 5, 2022.  A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  A notice of appeal must be received by the Court within the applicable time period to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]  An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  The failure to file a timely appeal in this case is not attributable to court-related personnel.  Therefore, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] DEL. SUPR. CT. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *Hughes v. State*, 2019 WL 1723098 (Del. Apr. 15, 2019).