IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWAYNE CROPPER, | § | |
| | § | |
| Defendant Below, | § | No. 233, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9601010152 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 15, 2022
Decided:    August 3, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses to the notice to show cause, it appears to the Court that:

(1)    On July 1, 2022, the appellant, Dwayne Cropper, filed a notice of appeal from the Superior Court's order denying his postconviction claims. The order was dated May 24, 2022 and docketed on May 25, 2022. A timely notice of appeal should have been filed on or before June 24, 2022. The Chief Deputy Clerk issued a notice directing Cropper to show cause why this appeal should not be dismissed as untimely filed.

(2)    In his response to the notice to show cause, Cropper states that he can only access the prison law library through in-prison mail that is subject to delays.

He also states that he sent the required paperwork out for mailing on June 21, 2022. As the State notes, Cropper dated his notice of appeal June 26, 2022, which is after the appeal deadline expired. The State contends that Cropper cannot show that his failure to file a timely notice of appeal is attributable to court-related personnel.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] Cropper has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.[4]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *See, e.g., Parker v. State*, 2021 WL 4495821, at *1 (Del. Sept. 30, 2021) (dismissing untimely appeal where the appellant claimed his appeal was late because he lacked education regarding the law and COVID-19 restrictions interfered with his access to the prison law library); *Scruggs v. State*, 2018 WL 2058187, at *1 (Del. May 1, 2018) (dismissing untimely appeal where the appellant claimed his appeal was untimely because he lacked legal knowledge and his illiteracy made it difficult to request materials from law library).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice