IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAURA PERRYMAN, | § | |
| | § | No. 256, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 2019-1003 |
| STIMWAVE TECHNOLOGIES, | § | |
| INCORPORATED, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 9, 2022
Decided: August 29, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On July 26, 2022, the *pro se* appellant, Laura Perryman, filed a notice of appeal from a letter order dated July 14, 2022, in which the Court of Chancery denied Perryman's motion to lift a status quo order that had previously been entered in the case.  The notice of appeal also identifies rulings made by the Court of Chancery during a telephonic hearing on May 4, 2022, when the court denied an earlier motion to lift and vacate the status quo order, and a hearing held in November 2020.  The July 14, 2022 order denying the motion to lift the status quo order states

that on July 7, 2022, the court lifted a stay in the action and that "the matter shall proceed to trial."

(2) The Senior Court Clerk issued a notice directing Perryman to show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order. In response, Perryman contends that she complied with Rule 42 because she filed an application for certification of an interlocutory appeal of the Court of Chancery's May 4, 2022 ruling, and the Court of Chancery denied that application on June 9, 2022. Perryman asserts that she did not pursue an interlocutory appeal of the May 4, 2022 ruling because "the case was on stay," instead moving to lift the stay and then filing a second motion to lift the status quo order.

(3) Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[1] Moreover, a notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2] Although Perryman filed an application for certification of an interlocutory appeal from the Court of Chancery's May 4, 2022 ruling, she decided not to file an interlocutory appeal at that time. And she did not file an application for certification of an interlocutory appeal from the July 14, 2022 order, or otherwise comply with the

---

[1] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

2

procedural requirements of Rule 42 as to that order.  Perryman's failure to comply with Rule 42 leaves this Court without jurisdiction to hear an interlocutory appeal from the July 14, 2022 order, and her failure to file a timely notice of interlocutory appeal from the May 4, 2022 or November 2020 rulings leaves the court without jurisdiction to hear an interlocutory appeal from those rulings.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

3