IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMOTTE BRINKLEY, | § | |
| | § | |
| Defendant Below, | § | No. 212, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 2012008946 (N) |
| | § | |
| Appellee. | § | |

Submitted: June 26, 2023
Decided: July 11, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)  On June 14, 2023, the appellant, Lamotte Brinkley, filed a letter indicating that he desired to file a direct appeal from his criminal conviction and sentence in this case.  Brinkley entered a guilty plea and the Superior Court sentenced him on April 21, 2022, more than a year before he filed his notice of appeal.  A timely notice of appeal was due on or before May 23, 2022.[1]

---

[1] DEL. SUPR. CT. R. 6(a)(iii) (providing that a notice of appeal must be filed "[w]ithin 30 days after a sentence is imposed in a direct appeal of a criminal conviction"); *id.* R. 11(a) (providing that if a filing deadline falls on a Saturday, Sunday, legal holiday, or other day on which the office of the Clerk is closed, "the period shall run until the end of the next day on which the office of the Clerk is open").

(2) The Senior Court Clerk deemed Brinkley's letter to be a notice of appeal and issued a notice directing Brinkley to show cause why the appeal should not be dismissed as untimely filed. In response to the notice to show cause, Brinkley cites Supreme Court Rule 26(a) and states that his counsel "abandon[ed] his obligation to represent his client on his first appeal." As support for his position, Brinkley attaches a letter that he received from his counsel, which is dated February 24, 2022, regarding the Superior Court's denial of a motion to suppress following a hearing the previous day.

(3) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4] Brinkley does not contend that the untimeliness of this appeal is attributable to court-related personnel. Moreover, the "jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney."[5] Brinkley does not indicate that he told his counsel that he

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Dixon v. State*, 2019 WL 6769679, at *1 (Del. Dec. 11, 2019) (internal quotations omitted).

desired to appeal,[6] nor does the February 2022 letter from Brinkley's counsel about the denial of the suppression motion establish circumstances that excuse the untimely filing of this appeal from Brinkley's later conviction and sentence.[7]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *See* DEL. SUPR. CT. R. 26(a)(ii) (requiring trial counsel to docket a direct appeal if "the client desires to appeal, whether or not the appeal appears meritorious").

[7] *See Heller v. State*, 2016 WL 4699158 (Del. Sept. 7, 2016) (dismissing untimely direct appeal despite appellant's assertion in response to the notice to show cause that counsel had told him immediately after sentencing that counsel would file a notice of appeal).