IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALFRED HUBBARD, | § | |
| | § | |
| Defendant Below, | § | No. 62, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1006018837 (N) |
| | § | |
| Appellee. | § | |

Submitted: February 24, 2025
Decided: March 10, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On February 13, 2025, the Court received Alfred Hubbard's notice of appeal from a Superior Court order, dated and docketed on January 10, 2025, denying his motion for correction of illegal sentence.  Under Supreme Court Rule 6(a), a timely notice of appeal would have been filed by February 10, 2025.

(2)    The Senior Court Clerk issued a notice directing Hubbard to show cause why this appeal should not be dismissed as untimely filed.  In his response to the notice to show cause, Hubbard stated that he did not receive the Superior Court order until January 14th, he could not access the prison law library until February 7th, and

he is not responsible for delays in the prison mail room or the United States postal system.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4] "Correctional officers and other prison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[5]

(4) Hubbard has not shown that his failure to file a timely appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr*, 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Evans v. State*, 2024 WL 4002304, at *1 (Del. Aug. 29, 2024) (internal quotation marks and citations omitted). *See also Johnson v. State,* 2006 WL 197180, at *1 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that "he had to wait several weeks before he could gain access to the prison law library" and "before he could file the notice of appeal, he had to send a copy of the appeal to the prison business office to obtain the balance on his inmate account").

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice