IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK RENDE, | § | |
| | § | No. 296, 2025 |
| Respondent Below, | § | |
| Appellant, | § | Court Below: Court |
| | § | of Chancery of the State of |
| v. | § | Delaware |
| | § | |
| DEBRA RENDE and PAULA | § | C.A. No. 2021-0734 |
| LOMBARD, as Co-Trustees of the | § | |
| June E. Rende Revocable Trust | § | |
| U/D/T dated June 10, 2015, as | § | |
| amended, | § | |
| | § | |
| Petitioners Below, | § | |
| Appellees. | § | |

Submitted:  July 18, 2025
Decided:    July 30, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

(1)     On July 9, 2025, the appellant, Frank Rende, filed a notice of appeal from the Court of Chancery's final order in this matter, which was dated and docketed on April 11, 2025.  Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed by May 12, 2025.  The Clerk of this Court issued a notice directing Rende to show cause why the appeal should not be dismissed as untimely filed.  In response to the notice, Rende argues the merits of his appeal but does not address the jurisdictional defect arising from the untimely filing.

(2)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(3)     Rende does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel.  The appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] DEL. SUPR. CT. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).