IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADAM M. ROGERS,[1] | § | |
| | § | |
| Petitioner-Below, | § | No. 604, 2018 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| NANCY MORGAN, | § | File No. CN17-02760 |
| | § | Petition No. 17-11930 |
| Respondent-Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 9, 2019
Decided: January 10, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 10th day of January, 2019, it appears to the Court that:

(1) On December 10, 2018, the appellant, Adams Rogers ("Father"), filed a notice of appeal from a Family Court order dated and docketed October 22, 2018. Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before November 21, 2018.

(2) On December 17, 2018, the Senior Court Clerk issued a notice directing Father to show cause why this appeal should not be dismissed as untimely filed. In

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

his response to the notice to show cause, Father attributes the untimeliness of his notice of appeal to his unfamiliarity with the legal system as a *pro se* litigant and to postal delays resulting from his moving out of the parties' home after the Family Court ordered the house to be sold as part of the property division.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) Father has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. The appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] SUPR. CT. R. 10(a).
[4] *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).
[5] *Id.*; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice