IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN A. ROY, | § | |
| | § | No. 315, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0503015173 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 2, 2019
Decided: August 6, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On July 19, 2019, the Court received Kevin A. Roy's notice of appeal from a June 17, 2019 Superior Court order denying Roy's motion for correction of sentence. To be timely filed, the notice of appeal had to be received by the Clerk or a Deputy Clerk in any county, on or before July 17, 2019.[1]

(2) The Clerk issued a notice directing Roy to show cause why his appeal should not be dismissed as untimely. Roy filed a response to the notice to show

---

[1] Del. Supr. Ct. R. 6(a)(iii); Del. Supr. Ct. R. 10(a); Del. Supr. Ct. R. 11(a).

cause, stating he had difficulty scheduling an appointment at the prison law library and that prison staff provided Roy with the incorrect address for this Court.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]  Prison personnel are not court-related personnel.[5]

(4)     There is nothing in the record to reflect that Roy's failure to file a timely notice of appeal is attributable to court-related personnel.  Moreover, to the extent Roy asserts the law library staff provided him with an incorrect address for the Court because he was given the address for the Court's Wilmington office as opposed to its Dover office, a notice of appeal may be received by a Deputy Clerk in any county. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that the appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Brown v. State*, 2004 WL 1535757, at *1 ("Prison law library personnel are not court-related personnel.").

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice