IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | |
| Defendant Below, | § | No. 329, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1206018361(N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: August 14, 2019
Decided: August 16, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On July 30, 2019, the appellant, Harry Anderson, filed a notice of appeal from a Superior Court order dated and docketed on June 26, 2019, in which the Superior Court denied Anderson's motion for correction of an illegal sentence and denied his motion for reargument of the court's denial of postconviction relief. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before July 26, 2019.

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     On July 30, 2019, the Senior Court Clerk issued a notice directing Anderson to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Anderson attributes the delay to the prison mail system, stating that he deposited the notice of appeal into the prison mail system at the James T. Vaughn Correctional Center on July 22, 2019.  To demonstrate the date of mailing, Anderson has submitted a copy of his inmate account statement, which reflects charges for postage on July 22, 2019.

(4)     Anderson's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3] Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[4]  Because the record does not reflect that Anderson's failure to file a timely

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).

notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice