IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HOWARD L. HARRIS, | § | |
| | § | |
| Appellant Below, | § | |
| Appellant, | § | No. 391, 2019 |
| | § | |
| v. | § | Court Below—Superior Court of |
| | § | the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | C.A. No. N19A-03-004 |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: September 26, 2019
Decided: October 10, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On September 11, 2019, the appellant, Howard L. Harris, filed a notice of appeal from a Superior Court order, entered on August 1, 2019, affirming the Industrial Accident Board's decision denying Harris's petition to determine compensation due. A timely notice of appeal should have been filed on or before September 3, 2019.[1] The Senior Court Clerk issued a notice directing Harris to show cause why this appeal

---

[1] Supr. Ct. R. 6(a)(i) (providing that notice of appeal from civil judgment must be filed within 30 days from entry of the judgment on the docket); Supr. Ct. R. 11(a) (providing that if the last day of the time period prescribed by the Rules falls on the weekend or a holiday then the time period runs until the end of the next day the Clerk's office is open).

should not be dismissed as untimely. In his responses to the notice to show cause, Harris states that he has a new mail person who accidentally delivered his mail to a neighbor. The neighbor did not immediately notice the mistake because she is partially blind. He also includes a letter from his neighbor's daughter confirming his account.

(2) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) Harris has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)
[3] Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).