IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER CAMPBELL, | § | |
| | § | |
| Defendant Below, | § | No. 165, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 2102000228 (S) |
| | § | |
| Appellee. | § | |

Submitted: May 25, 2022
Decided: May 31, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On May 16, 2022, the appellant, Christopher Campbell, filed this appeal from a Superior Court order dated and docketed on October 22, 2021, that sentenced him for a violation of probation.  The Senior Court Clerk issued a notice directing Campbell to show cause why the appeal should not be dismissed as untimely filed.  Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before November 22, 2021.

(2)    In response to the notice to show cause, Campbell challenges various actions by Probation and Parole and asserts that he was not in violation of his

probation. He explains the delay in filing the notice of appeal by stating, "I thought I was guilty but [I'm] not."

(3) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] The failure to file a timely appeal in this case is not attributable to court-related personnel. Therefore, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] DEL. SUPR. CT. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).