IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL MARTIN,[1] | § | |
| | § | No. 352, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS21-01966 |
| LONDON VALENTINE, | § | Petition Nos. 21-12972 |
| | § | 21-15154 |
| Respondent Below, | § | 21-24192 |
| Appellee. | § | |

Submitted: October 4, 2022
Decided: October 13, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

(1)     On September 21, 2022, the appellant filed a notice of appeal from an unspecified order of the Family Court. On September 22, 2022, the appellant filed two additional notices of appeal from an unspecified order or orders of the Family Court. The Family Court docket reflected that the latest order, filing, or activity of any kind in the Family Court had occurred on May 23, 2022, when the Family Court entered an order deciding multiple motions that the appellant had filed in that court. That order was docketed on May 25, 2022.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)    Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed, at the latest, by June 24, 2022.[2]  The Senior Court Clerk therefore issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice, the appellant appears to argue the merits of the appeal but does not address the untimeliness of the appeal.  The appellant also filed a motion seeking an extension of time to file an opening brief and other procedural relief relating to this appeal.

(3)    Time is a jurisdictional requirement.[3]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[5]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(4)    The appellant has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel.  Because this case does

---

[2] *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken").

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[4] SUPR. CT. R. 10(a).

[5] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019); *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).

[6] *Rogers*, 2019 WL 168667; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, the appeal must be dismissed.[7]  The motion for an extension and other procedural relief relating to this appeal is therefore moot.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[7] *Brown v. Brown*, 2021 WL 6058530 (Del. Dec. 21, 2021).