IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRAVON POPE | § | |
| | § | |
| Defendant Below, | § | No. 96, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0202005502 (K) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted:  May 10, 2023
Decided:  May 24, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On March 17, 2023, the appellant, Travon Pope, filed a document titled "motion for considering a late appeal" that was designated a notice of appeal from a Superior Court order.  The Superior Court docket reflected that the Superior Court sentenced Pope for a violation of probation ("VOP") on January 20, 2023 and denied his motion for sentence modification on March 6, 2023.  A timely notice of appeal from the January 20, 2023 VOP order should have been filed on or before February

20, 2023.[1]  The Clerk's Office directed Pope to file a Form A notice of appeal indicating whether he was appealing the January 2023 VOP order, which would result in the issuance of a notice to show cause for untimeliness, or the March 6, 2023 order, which would be timely.

(2)    On March 30, 2023, Pope filed a Form A notice of appeal identifying the January 20, 2023 VOP order as the order he was appealing.  The Senior Court Clerk issued a notice directing Pope to show cause why this appeal should not be dismissed as untimely filed.  In his response to the notice to show cause, Pope states that his attorney did not advise him that he had to appeal the VOP order within thirty days.

(3)    At the Court's request, Pope's attorney responded to this statement. Pope's attorney stated that he completed a VOP sentencing worksheet and an Advice Regarding Appeal From VOP form for this matter.  The advice form advises a defendant that he has thirty days to file a notice of appeal and that VOP counsel will not pursue an appeal.  Pope's counsel further stated that the advice form and a notice of appeal form are provided to the defendant.  He provided copies of the sentencing worksheet and advice form in this case, which reflected that Pope was advised he had thirty days to file a notice of appeal.

---

[1] Del. Supr. Ct. R. 6(a) (providing that the notice of appeal must be filed within thirty days).

(4)   Time is a jurisdictional requirement.[2]   A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]   Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(5)   The record does not reflect that Pope's failure to file a timely notice of appeal of the January 23, 2023 VOP order is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

3