KEVIN J. O'CONNELL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 629, 2007.
Supreme Court of Delaware.
Submitted: December 31, 2007.
Decided: January 7, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 7th day of January 2008, it appears to the Court that:
(1) On December 5, 2007, the Court received the appellant's notice of appeal from the Superior Court's October 19, 2007 order denying his petition for a writ of habeas corpus. The order was docketed in the Superior Court on October 22, 2007. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before November 21, 2007.
(2) On December 20, 2007, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on December 31, 2007. The appellant states that the prison has limited staff and that his claims are meritorious. Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal must be filed within 30 days after entry upon the docket of the judgment or order being appealed.
(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of the Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal may not be considered.[4]
(4) There is nothing in the record reflecting that the appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).