IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHERMAN B. WILLIAMS, | § | |
| | § | No. 276, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S23M-07-002 |
| CRAIG A. KARSNITZ, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 25, 2023
Decided: August 30, 2023

Before **SEITZ**, Chief Justice; **LeGROW** and **GRIFFITHS**, Justices.

## ORDER

(1)     On August 9, 2023, the appellant filed a notice of appeal from an order of the Superior Court, which was dated and docketed on July 6, 2023, that dismissed the appellant's petition for a writ of habeas corpus.  Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before August 7, 2023. The Senior Court Clerk therefore issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice, the appellant, who is incarcerated in West Virginia, asserts that he mailed the notice of appeal on July 31, 2023, and that the untimeliness of the appeal is therefore attributable to mail or government processing delays.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] "[P]rison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[4] Moreover, an appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Because the record does not reflect that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] SUPR. CT. R. 10(a).

[3] *O'Connell v. State*, 2008 WL 187937, at *1 (Del. Jan. 7, 2008); *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *Schafferman v. State*, 2016 WL 5929953, at *1 (Del. Oct. 11, 2016).

[5] *Hughes v. State*, 2019 WL 1723098 (Del. Apr. 15, 2019). *See also Thomas v. State*, 2019 WL 5096075 (Del. Oct. 10, 2019) (dismissing untimely appeal despite appellant's assertion that "he had trouble accessing the law library at the out-of-state prison where he is being held and that the law library did not maintain relevant Delaware case law").

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice