IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAMEEKA ROBINSON, GUARDIAN OF DERRICK CRAWFORD, | § § § | No. 378, 2023 |
| | § | Court Below–Superior Court |
| Plaintiff Below, | § | of the State of Delaware |
| Appellant, | § | |
| | § | C.A. No. N22C-09-522 |
| v. | § | |
| | § | |
| REGAL HEIGHTS HEALTHCARE & REHAB CENTER, LLC d/b/a REGAL HEIGHTS HEALTHCARE & REHABILITATION CENTER and NATIONWIDE HEALTHCARE SERVICES, | § § § § § § § § § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: November 3, 2023
Decided: November 8, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    On October 9, 2023, the appellant, Chameeka Robinson, guardian of Derrick Crawford, filed a notice of appeal from the Superior Court's order—dated and docketed September 6, 2023—granting the motion to dismiss filed by the appellees, Regal Heights Healthcare & Rehab Center, LLC d/b/a Regal Heights

Healthcare & Rehabilitation Center and Nationwide Healthcare Services (together, "Regal Heights"). Because Supreme Court Rule 6 provides that a civil appeal must be filed within thirty days of the lower court's order,[1] a timely notice of appeal was due on or before October 6, 2023.

(2) The Senior Court Clerk issued a notice directing Robinson to show cause why her appeal should not be dismissed as untimely filed. The Court directed Robinson to file a response to the notice to show cause by October 19, 2023. In his untimely response to the notice to show cause filed on October 23, 2023, Robinson's attorney claims that a member of his support staff "attempted to file a notice of appeal" on October 5, 2023. According to Robinson's attorney, his support staff member "is still unsure of what went wrong as she sincerely thought she had filed the [notice of appeal]." Regal Heights argues that this appeal should be dismissed because its untimeliness cannot be excused.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] Unless an appellant can demonstrate that her failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]

---

[1] Del. Supr. Ct. R. 6(a)(i).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

(4)     As Regal Heights correctly observed in its response to the notice to show cause, Robinson's attorney concedes that his failure to file a timely notice of appeal in this case is not attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3