IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 89, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1602004456A (N) |
| | § | |
| Appellee. | § | |

Submitted: March 13, 2024
Decided: March 20, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

(1) The appellant, Jonathan Johnson, pleaded guilty in April 2017 to drug dealing and possession of a firearm during commission of a felony. On February 29, 2024, Johnson filed this appeal from the Superior Court's October 27, 2017 order sentencing him for those offenses. The Senior Court Clerk issued a notice to show cause why the appeal should not be dismissed as untimely filed. In response, Johnson argues that the untimely filing should be excused because his counsel failed to advise him of his right to appeal his conviction or sentence within thirty days.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

order to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(3)     Johnson has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel.  Moreover, his assertion that he was unaware of the time limitation for filing an appeal does not explain the delay of more than six years in this case.  Johnson is a frequent filer who has filed at least four other appeals—and two proceedings for extraordinary writs—in this Court since 2019 relating to the same underlying proceeding.  We conclude that the appeal must be dismissed.

(4)     We have previously warned Johnson that if he continues to file appeals or writs making repetitive claims, he could be enjoined from filing future appeals or writs without leave of Court.[4]  We reiterate that warning here.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura_____
Justice

---

[2] DEL. SUPR. CT. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *In re Johnson*, 2023 WL 116481 (Del. Jan. 5, 2023).

2