IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ZYMIR HINSON,[1] | § | |
| | § | |
| Defendant Below, | § | No. 188, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2105000983 (N) |
| | § | |
| Appellee. | § | |

Submitted: June 20, 2024
Decided: July 8, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause, the responses, and the motion for appointment of counsel, it appears to the Court that:

(1)     On May 9, 2024, the appellant, Zymir Hinson, filed a notice of appeal from his guilty plea and sentencing on February 8, 2023.  Under Supreme Court Rules 6(a)(iii) and 11, a timely notice of appeal would have been filed on or before March 10, 2023.  On June 20, 2024, Hinson filed a motion for appointment of counsel.

---

[1] The sentencing order on appeal refers to "Zymir Hynson" with an alias of "Zymir J. Hinson." The appellant identifies himself throughout his appeal papers as "Zymir Hinson."

(2) The Senior Court Clerk issued a notice directing Hinson to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Hinson contends that his former counsel ("Counsel") did not discuss the appeal process with him, he was under eighteen at the time of the crimes, newly discovered evidence establishes a basis for a new trial, and his sentence was excessive.

(3) At the Court's request, Counsel responded to Hinson's allegations. Counsel states that his practice when reviewing plea agreements and Truth-in-Sentencing Guilty Plea Forms with clients is to explain that appeals must be filed within thirty days of sentencing. Counsel further states that he has no reason to believe that he deviated from his practice in this case. He also points out that the Superior Court sentenced Hinson to the minimum mandatory Level V time for his crimes, consistent with the parties' joint recommendation, and that Hinson never advised him that he wished to appeal or to seek modification his sentence.

(4) Time is a jurisdictional requirement.[2] When an appeal is not received by the Office of the Clerk of this Court within the applicable time period, the Court lacks jurisdiction to hear the appeal.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Id.*; Supr. Ct. R. 10(a).

2

6.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(5)     Hinson does not claim that he advised Counsel that he wished to appeal and has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.[6]  Because the untimeliness of the appeal is not attributable to court-related personnel, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.   The motion for appointment of counsel is moot.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[4] *Carr*, 554 A.2d at 779.

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[6] *See, e.g., Fleming v. State*, 2024 WL 2737472, at *1 (Del. May 24, 2024) (dismissing untimely direct appeal where the appellant did not claim his untimely appeal was attributable to court-related personnel or that he told his counsel he wished to appeal); *Scruggs v. State*, 2018 WL 2058187, at *1 (Del. May 1, 2018) (dismissing untimely appeal where the appellant claimed his appeal was untimely because he lacked legal knowledge, his illiteracy made it difficult to request materials from the prison law library through correspondence, and his prison unit had changed).