IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOHN ASIM MUHAMMAD, § §
§
Defendant Below, § No. 279, 2024
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 2007003170 (N)
§
Appellee. §

Submitted: July 29, 2024
Decided: August 21, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On July 18, 2024, the Court received John Asim Muhammad's notice of appeal from the Superior Court's imposition of his sentence on September 16, 2022.[1] Under Supreme Court Rules 6(a)(iii) and 11, a timely notice of appeal would have been filed by October 17, 2022. Although Muhammad identified the September 16, 2022 sentence as what he was appealing, he attached a copy of a Superior Court order, dated and docketed on June 17, 2024, denying his motion for

---

[1] The notice of appeal was forwarded from the Superior Court Prothonotary's Office, which received the notice on July 15, 2024.

reduction of sentence. Under Supreme Court Rules 6(a)(iv) and 11, a timely notice of appeal from that order would have been filed by July 17, 2024.

(2) The Senior Court Clerk issued a notice directing Muhammad to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Muhammad argues the merits of his appeal and states that he is appealing the June 17, 2024 order, which is related to his September 16, 2022 sentencing.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) There is nothing in the record reflecting that Muhammad's failure to file a timely notice of appeal from the June 17, 2024 order is attributable to court-related personnel. Muhammad dated the notice of appeal July 10, 2024 and addressed the envelope containing the notice of appeal to the Superior Court

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Carr*, 554 A.2d at 779.
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

Prothonotary instead of this Court.  Although the notice of appeal was received by the Prothonotary within the applicable appeal period, the Court has previously held that "filing a notice of appeal with the Prothonotary within the applicable time period does not constitute compliance with the jurisdictional requirements of this Court."[6] Because the untimeliness of the appeal is not attributable to court-related personnel, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] *Allen v. State*, 2012 WL 5873672, at *1 (Del. Nov. 20, 2012).  *See also Sheldon v. State,* 2010 WL 2796621, at *1 (Del. July 15, 2010) (dismissing untimely appeal that the appellant mistakenly filed in the Superior Court on the advice of someone in the prison law library).