IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FIRAS ELBASHIER, | § | |
| | § | |
| Defendant Below, | § | No. 7, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2303003686 (N) |
| | § | |
| Appellee. | § | |

Submitted: January 27, 2025
Decided: February 21, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On January 7, 2025, the Court received Firas Elbashier's notice of appeal from the Superior Court's order, dated and docketed on November 26, 2024, denying his motion for sentence modification. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal would have been filed by December 26, 2024.

(2)    The Senior Court Clerk issued a notice directing Elbashier to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Elbashier stated that he is not trained in the law and did not initially know that he could appeal the Superior Court order.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The record does not reflect that Elbashier's failure to file a timely notice of appeal order is attributable to court-related personnel. Because the untimeliness of this appeal is not attributable to court-related personnel, the appeal must be dismissed.[5]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr*, 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See, e.g., Boyce v. State*, 2021 WL 5764846, at *1 (Del. Dec. 3, 2021) (dismissing untimely appeal where the appellant stated that his appeal was late because he lacked legal training and prison law library staff provided him with the wrong forms); *Lloyd v. Snyder*, 2000 WL 975090, at *1 (Del. June 5, 2000) (dismissing untimely appeal where the appellant claimed that his appeal was late because, among other things, he was "neither trained nor competent to understand the complexity of the laws of this State").

2